IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZENITH SMITH, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE INDEPENDENT ORDER OF FORESTERS,<br><br>　　　　　　Defendant. | C.A. No. 24-658-GBW |

## MEMORANDUM ORDER

On March 25, 2024, Plaintiff Zenith Smith ("Plaintiff" or "Smith") filed a complaint in the Superior Court of the State of Delaware against The Independent Order of Foresters ("Defendant" or "Foresters") alleging, *inter alia*, breach of contract. D.I. 1 Ex. A, Verified Compl. On June 3, 2024, Foresters filed a Notice of Removal to this Court on the basis of diversity jurisdiction. D.I. 1. Pending now before the Court is Smith's Motion to Remand to the Superior Court of Delaware (D.I. 5), which has been fully briefed (D.I. 6; D.I. 7; D.I 10). For the following reasons, the Court DENIES Smith's motion.

I.　**LEGAL STANDARD**

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to the state court." *Coit Capital Sec., LLC v. Turbine Asset Holdings, LLC*, No. 17-cv-658, 2018 U.S. Dist. LEXIS 240402, at *3 (D. Del. Jan. 8, 2018) (citing 28 U.S.C. § 1447(c)). "Remand to the state court is appropriate for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *Id.* (citation omitted) (internal quotation marks omitted). "Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction." *Id.* (citation omitted). "On a motion to remand, it is

always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand." *Id.* (citation omitted).

## II. DISCUSSION

Here, Smith requests remand in light of a purported "absence of removal jurisdiction" and "untimely" notice of removal. D.I. 5 ¶¶ 1, 13. Foresters, however, has satisfied its burden to demonstrate that (A) this Court has diversity jurisdiction, and (B) that Foresters timely filed its Notice of Removal.

### A. The Court Has Diversity Jurisdiction Under § 1332(a)(2)

Section 1332(a)(2)[1] confers jurisdiction "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, the Parties do not contest that Smith and Foresters are "citizens of a State and citizens or subjects of a foreign state" or that the amount in controversy exceeds the sum of $75,000. *See Paycom Software, Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 21-cv-01403-CFC, 2022 U.S. Dist. LEXIS 65624, at *4 (D. Del. Apr. 8, 2022) (accepting diversity jurisdiction upon removal where plaintiff did not "contest" diversity). Nonetheless, the Court will address these elements briefly.

*First*, Smith, an individual, is a citizen of Delaware. D.I. 1 Ex. A, Verified Compl. ¶ 1. *Second*, Foresters appears to be a citizen of Canada because its place of incorporation and principle

---

[1] Foresters asserts diversity jurisdiction under § 1332(a)(1). *See, e.g.*, D.I. 1 ¶ 5. Section 1332(a)(1), however, confers jurisdiction over controversies between "citizens of different States." Section § 1332(a)(2), on the other hand, confers jurisdiction over controversies between "citizens of a State and citizens or subjects of a foreign state." Foresters submits that its "place of incorporation and principal place of business" is in Canada (D.I. 1 ¶ 7), i.e., a foreign state. As such, this diversity analysis arises under § 1332(a)(2).

2

place of business appear to be in Canada. *See* D.I. 1 ¶ 7; *see also* D.I. 1 Ex. A at 36 (listing "head office" of Foresters in Canada); General Information Name Search, State of Delaware (last accessed Sept. 23, 2024), https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx (not returning any results for "Independent Order of Foresters"). While Foresters Financial Services, Inc. ("FFS") may be a Delaware Corporation (D.I. 1 Ex. A, Verified Compl. ¶ 3), FFS is "a separate corporate entity that was not named as a party to this lawsuit" and thus does not impact diversity. *See Perrigo Co. v. Merial Ltd.*, No. 15-cv-3674-SCJ, 2020 U.S. Dist. LEXIS 257841, at *5 (N.D. Ga. May 14, 2020). *Third*, Smith appears to claim in excess of the sum of $75,000. D.I. 1 Ex. A, Verified Compl. ¶ 5 (claiming benefits of $500,000 life insurance policy); *id.* ¶ 43 (also claiming all other "consequential and incidental damages").

Instead of challenging the elements of § 1332(a), Smith raises several frivolous arguments that purportedly fall "in favor of the Plaintiff's original forum selection in Delaware Superior Court." *See* D.I. 5 ¶ 12. In particular, Smith contends that the "lack of a forum selection clause coupled with no express reservation of rights to remove this action to federal court" supports remand. D.I. 5 ¶ 12. However, this is not a proper basis for remand. Smith also suggests that remand is proper because Delaware law "governs" the insurance policy at issue (D.I. 5 ¶ 11) and because Smith is "the sole beneficiary under the policy" (D.I. 5 ¶ 12). Again, however, these additional assertions are not proper bases for remand. Smith's motion also contains typos, inconsistent formatting, and unsubstantiated argument that does not aid Smith's cause.

**B.    Foresters Timely Filed Its Notice of Removal**

28 U.S.C. § 1446(b)(1) provides that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Carpenter v. Liberty Mut. Ins. Co.*, No. 23-cv-752-SRF, 2024 U.S. Dist. LEXIS 36522,

at *5 (D. Del. Mar. 1, 2024) (quoting 28 U.S.C. § 1446(b)(1)). As Foresters observes (D.I. 6 ¶¶ 6-7), Foresters received service on May 6, 2024 (D.I. 1 Ex. A, Service of Process Notice) and filed its Notice of Removal on June 3, 2024 (D.I. 1). Since June 3, 2024 was 28 days after May 6, 2024, Foresters' Notice of Removal was timely. *See Di Loreto v. Costigan*, 351 F. App'x 747, 750, 753 (3d Cir. 2009) (holding that "removal was proper" in light of, in part, "an exhibit" that was included with the notice of removal); *see also Marrero v. U.S. Bank Nat'l Ass'n*, No. 21-cv-11182, 2022 U.S. Dist. LEXIS 30818, at *2 (S.D.N.Y. Feb. 22, 2022) ("On a motion to remand for lack of subject matter jurisdiction, courts . . . may consider . . . documents attached to a notice of removal . . . that convey information essential to the court's jurisdictional analysis.").

In what appears to be an underdeveloped effort to show otherwise, Smith resorts to suggesting that Delaware law informs the deadline to notice removal (D.I. 7 ¶ 5). This suggestion, however, is without merit. *See Cotter v. Milly LLC*, No. 09-cv-04639, 2010 U.S. Dist. LEXIS 5096, at *11 (S.D.N.Y. Jan. 22, 2010) ("A determination about the timeliness of a removal petition, however, presents a question of federal and not state law.").

Even were the Court to construe the deadline for Foresters to notice its removal under 28 U.S.C. § 1446 by reference to 18 Del. C. § 525, Foresters' Notice of Removal would still be timely. Section 525(b) provides that, upon receiving service of process against an insurer, the Insurance Commissioner's office shall mail a copy "of such process to the person currently designated by the insurer to receive the same." 18 Del. C. § 525(b). Section 525(b) also provides that "such process shall not be complete until *3 days after* the same has been so mailed." *Id.* (emphasis added).

Here, the Commissioner's office enclosed process in a letter to Foresters that was dated April 29, 2024. D.I. 1 Ex. A, Letter to Foresters. Assuming the letter was mailed on April 29,

4

process would have been "complete" three days later on May 2, 2024. Assuming such completion on May 2, 2024 began the thirty-day countdown to file a notice of removal under 28 U.S.C. § 1446(b)(1), thirty days later was Saturday, June 1, 2024. As such, the deadline to file such notice would have been Monday, June 3, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C) (extending deadlines to "the next day that is not a Saturday, Sunday, or legal holiday"). Since Foresters filed its Notice of Removal on June 3, 2024, Foresters' filing was timely even under Smith's contorted amalgam of state and federal law.

Finally, Smith contends that "Foresters failed to submit an Answer to the Verified Complaint during the appropriate time frame." D.I. 7 ¶ 7. However, Smith does not cite any authority showing that a belated answer affects the propriety of a removed action. Even so, Foresters filed its Notice of Removal on June 3, 2024, Foresters then had seven days to file its Answer (Fed. R. Civ. P. 81(c)(2)(C)), and Foresters timely filed its Answer on June 10, 2024 (D.I. 4).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Smith's Motion to Remand, including the request therein for fees and costs, without prejudice. The Court reminds counsel that representations to the Court are bound by Rule 11(b) of the Federal Rules of Civil Procedure. Counsel shall not, for example, make any legal contentions to the Court that are not "warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(2).

\* \* \*

WHEREFORE, at Wilmington this 24th day of September, 2024, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand to the Superior Court of Delaware (D.I. 5), and the request therein for fees and costs (*id.* ¶ 14), is **DENIED** without prejudice.

                                              GREGORY B. WILLIAMS
                                     UNITED STATES DISTRICT JUDGE