IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZENITH SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE INDEPENDENT ORDER OF FORESTERS,<br><br>Defendant. | C.A. No. 24-658-GBW |

## MEMORANDUM ORDER

In this action, Plaintiff Zenith Smith ("Plaintiff") is the beneficiary of a life insurance policy, issued by Defendant The Independent Order of Foresters ("Defendant"), that provides $500,000 in coverage for the death of the Insured, Shaun Davis ("Insured"). After the yet unresolved murder (by 20 gunshots) of the Insured, Plaintiff submitted a claim, on October 27, 2022, to Defendant for $500,000 in proceeds. On March 24, 2024, the Plaintiff, having not received any of the proceeds, filed an action in this Court alleging Defendant's (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) bad faith. D.I. 1-1.

On May 29, 2025, Plaintiff and Defendant filed cross motions for summary judgment. D.I. 28; D.I. 32. In the memorandum in support of its MSJ, Defendant contends that the application for life insurance contained material misrepresentations that void the life insurance policy, including, for example, the Insured's occupation at the time of the application, the location where the Insured signed the application, the Insured's bank account information, and the Insured's contact information. D.I. 29 at 12-17. Defendant also contends that the Insured did not sign the application or provide his consent and that, therefore, no contract ever existed between Defendant

and the Insured. D.I. 29 at 17. Defendant cites to various materials in the record to support these contentions. D.I. 29.

In response, Plaintiff states that it "disputes that any such material misrepresentations were made" and that the Insured "signed the application on the Plaintiff's cell phone." D.I. 40 at 5-6. However, Plaintiff generally fails to either, as it must, cite to the record to show genuine disputes with Defendant's purported facts or show that the materials cited by Defendant fail to establish the absence of a genuine dispute of material facts. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute . . . .").

When a party "fails to properly address another party's assertion of fact as required by Rule 56(c)," like Plaintiff here, the Court may, in its discretion, either "(1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e); *Lauria v. Lieb*, No. 24-1461, 2025 U.S. App. LEXIS 23622, at *6 (3d Cir. Sep. 12, 2025) ("Courts possess discretion to allow litigants to address errors in their summary judgment materials."). Affording the party that failed to properly address an assertion of material fact an opportunity to properly address that fact will in many circumstances "be the court's preferred first step." Fed. R. Civ. P. 56, advisory committee notes, 2010 amendments.

Here, the Court will, in its discretion and in concert with the 2010 advisory committee notes, order the Plaintiff, by October 2, 2025, to file a supplemental opposition to Defendant's MSJ that either (1) cites to the record to show genuine disputes with the purported facts in

Defendant's MSJ or (2) shows that the materials cited in Defendant's MSJ fail to establish the absence of a genuine dispute of material facts. *See* Fed. R. Civ. P. 56(c)(1). The Court advises Plaintiff, in preparing her submission, to consider Rule 56 in its entirety. If Plaintiff fails to comply with this Memorandum Order or otherwise fails to comply with the procedural requirements of Rule 56, the Court will likely consider the purported facts in Defendant's MSJ undisputed for purpose of resolving Defendant's MSJ.

\* \* \*

WHEREFORE, at Wilmington this 22nd day of September 2025, **IT IS HEREBY ORDERED** that Plaintiff shall, by no later than October 2, 2025, file a supplemental opposition to Defendant's MSJ that either (1) cites to the record to show genuine disputes with the purported facts in Defendant's MSJ or (2) shows that the materials cited in Defendant's MSJ fail to establish the absence of a genuine dispute of material facts. Plaintiff's supplemental brief shall not exceed twenty (20) pages. Defendant shall not respond to Plaintiff's supplemental brief without leave of Court.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE