IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZENITH SMITH, an individual,<br><br>                Plaintiff,<br><br>      v.<br><br>THE INDEPENDENT ORDER OF FORESTERS,<br><br>                Defendant. | C.A. No. 24-658-GBW |

Jackson Shrum, JACK SHRUM, P.A., Wilmington, DE.

    *Counsel for Plaintiff*

Kaan Ekiner, COZEN O'CONNOR, Wilmington, DE; Nicolas A. Novy, COZEN O'CONNOR, Philadelphia, PA.

    *Counsel for Defendant*

**MEMORANDUM OPINION**

October 10, 2025
Wilmington, Delaware

/s/ GREGORY B. WILLIAMS<br>
GREGORY B. WILLIAMS<br>
UNITED STATES DISTRICT JUDGE

Pending before the Court is Defendant's Motion for Summary Judgment ("Defendant's MSJ") (D.I. 28), which is fully briefed (D.I. 29; D.I. 40; D.I. 43; D.I. 56). For the reasons discussed below, the Court grants Defendant's MSJ.

## I.  LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact is one that could lead a reasonable jury to find in favor of the nonmoving party." *Bletz v. Corrie*, 974 F.3d 306, 308 (3d Cir. 2020). "The court must review the record as a whole, draw all reasonable inferences in favor of the nonmoving party, and must not 'weigh the evidence or make credibility determinations.'" *Id.* at 308 (quoting *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016)).

## II.  DISCUSSION

As described in the Court's previous Memorandum Opinion in this action (D.I. 59), Plaintiff is the beneficiary of a life insurance policy ("Policy"), issued by Defendant, with $500,000 in coverage for the death of Shaun Davis (the "Insured" or "Mr. Davis"). After Mr. Davis' murder, which remains unresolved, Plaintiff submitted a claim, on October 27, 2022, to Defendant for the Policy's $500,000 in proceeds. On March 25, 2024, Plaintiff, having not received any of the proceeds, filed an action in the Superior Court of the State of Delaware alleging Defendant's (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) bad faith. Defendant timely removed that action to this Court. The parties filed cross motions for summary judgment and, on October 9, 2025, the Court issued a Memorandum Opinion denying

2

Plaintiff's motion for summary judgment and delaying resolution of Defendant's motion for summary judgment. D.I. 59; D.I. 60.

In response to Defendant's motion for summary judgment, the Court held that Plaintiff's insurance application contained at least three material misrepresentations that could serve as proper grounds to rescind the Policy under 18 Del. C. § 2711. D.I. 59 at 8-9. The Court also held, however, that while the Policy was rescindable, that "does not automatically mean that the Policy was rescinded." D.I. 59 at 9. Thus, the Court instructed Defendant to file a letter in this action informing the Court whether Defendant rescinded the Policy and attach documents sufficient to show Defendant's recission of the Policy. D.I. 60. On October 10, 2025, Defendant filed with the Court such a letter (D.I. 61), informing the Court that Defendant rescinded the Policy, and attached the recission letter (D.I. 61-1) that Defendant transmitted to Plaintiff.

Having previously found that the insurance application contains at least three material misrepresentations and, now having reviewed Defendant's recission letter, the Court holds that Defendant successfully rescinded the Policy on proper grounds under 18 Del. C. § 2711. Thus, the Court grants summary judgment in favor of Defendant on each of the counts in Plaintiff's complaint (i.e., breach of contract, breach of the covenant of good faith and fair dealing, and bad faith).[1]

---

[1] *See Templeton v. EmCare, Inc.*, 868 F. Supp. 2d 333, 339 (D. Del. 2012) (confirming that the existence of a contract is a necessary element of a breach of contract action); *Gower v. Trux, Inc.*, No. 2020-0996-PAF, 2022 Del. Ch. LEXIS 41, at *31 (Del. Ch. Feb. 23, 2022) (holding that "the implied covenant [of good faith] does not apply [like here] when the contract addresses the conduct at issue"); *Richards v. Burgos*, No. CPU4-16-003764, 2017 Del. C.P. LEXIS 68, *5 (Ct. of Common Pleas Oct. 17, 2017) (holding that the claim for breach of implied covenant of good faith was "moot" after the parties rescinded the contract); *Mulrooney*, 2014 WL 4407854, at *14 ("Because Plaintiffs' claims for bad faith against [defendant] are predicated on the existence of a contract, [defendant's] motion for summary judgment dismissing those claims is GRANTED."); *Geico Insurance v. Green*, 308 A.3d 132, 145 (Del. 2022) (holding that "without a showing of an underlying breach, there can be no claim for bad faith").

### III. CONCLUSION

For the reasons set forth above, the Court grants Defendant's Motion for Summary Judgment (D.I. 28). Without any claims to resolve at trial, the Court cancels the bench trial in this action scheduled to begin on October 14, 2025. The Court will enter an Order consistent with this Memorandum Opinion.