IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZENITH SMITH, an individual, | |
| Plaintiff, | |
| v. | C.A. No. 24-658-GBW |
| THE INDEPENDENT ORDER OF FORESTERS, | |
| Defendant. | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Zenith Smith's ("Plaintiff" or "Ms. Smith") Motion to Alter or Amend Final Judgment Pursuant to Rule 59 (e) and Rule 60 (b) ("Motion to Amend" or "Motion") (D.I. 64), which is opposed by Defendant The Independent Order of Foresters ("Defendant" or "Foresters") (D.I. 65). For the reasons discussed below, the Court denies Plaintiff's Motion to Amend.

I.  **BACKGROUND**

As described in the Court's October 10, 2025 Memorandum Opinion (D.I. 62), Plaintiff is the beneficiary of a life insurance policy ("Policy"), issued by Defendant, with $500,000 in coverage for the death of Shaun Davis (the "Insured" or "Mr. Davis"). After Mr. Davis' murder, Plaintiff submitted a claim, on October 27, 2022, to Defendant for the Policy's $500,000 in proceeds. On March 25, 2024, Plaintiff, having not received any of the proceeds, filed an action in the Superior Court of the State of Delaware alleging Defendant's (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) bad faith. Defendant timely removed that action to this Court.

On October 10, 2025, having previously found that the insurance application contained at least three material misrepresentations (i.e., the Insured's e-mail address, phone number, and address) and, upon review of Defendant's letter rescinding the Policy, the Court held that Defendant successfully rescinded the Policy on proper grounds under 18 Del. C. § 2711. D.I. 62 at 3. Thus, the Court granted summary judgment in favor of Defendant on each of the counts in Plaintiff's complaint and instructed the Clerk of Court to enter judgment in favor of Defendant. D.I. 62; D.I. 63.

On October 24, 2025, Plaintiff filed its Motion to Amend, seeking amendment, alteration, or relief from the Court's "final judgment" under Rules 59(e) and 60(b). D.I. 64. However, final "judgment has not been entered, so there is no judgment to amend," alter or from which to seek relief. *See Tolbert v. Antioch Police Dep't*, No. 22-cv-02026-JSC, 2025 U.S. Dist. LEXIS 104556, at *14 (N.D. Cal. June 2, 2025). Notably, that the Court directed the Clerk of Court to enter final judgment does not mean that final judgment has been entered. *See United States v. Feinstein Family P'ship*, No. 2:96-cv-232-FtM-29, 2016 U.S. Dist. LEXIS 176293, at *3 (M.D. Fla. Dec. 21, 2016) (distinguishing between entry of "final judgment" and "direct[ing]" the entry of "final judgment"). Thus, "the Court construes [Plaintiff's Motion] as a request for reconsideration of a pre-judgment order." *See Tolbert*, 2025 U.S. Dist. LEXIS 104556, at *14-15.

## II.  LEGAL STANDARDS

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *Amgen Inc. v. Amneal Pharms. LLC*, No. 16-cv-853-MSG, 2021 U.S. Dist. LEXIS 199918, at *4 (D. Del. Oct. 18, 2021) (citation omitted). "Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of

apprehension." *Id.* (citation omitted). "Reconsideration may be granted if the movant can show an intervening change in controlling law, new evidence not available when the court made its decision, or a need to correct a clear error of law or fact to prevent manifest injustice." *Id.* (citation omitted). Neither motion is "an appropriate vehicle to reargue issues that the court has already considered and decided." *Acco Brands USA LLC v. Performance Designed Prods. LLC*, No. 23-cv-437-GBW, 2024 U.S. Dist. LEXIS 108389, at *1 (D. Del. June 18, 2024). "Reargument, like reconsideration, is granted sparingly." *Corning Inc. v. SRU Biosystems*, No. 03-cv-633-JJF, 2006 U.S. Dist. LEXIS 1896, at *3 n.1 (D. Del. Jan. 20, 2006). The proponent of the motion carries the burden. *See Ampro Computs., Inc. v. LXE, LLC*, No. 13-cv-1937-LPS-MPT, 2017 U.S. Dist. LEXIS 30867, at *2 (D. Del. Mar. 6, 2017).

III. DISCUSSION

Plaintiff raises three categories of unmeritorious grounds for reconsideration, which the Court addresses in turn. *First*, Plaintiff appears to contend that the listing of her contact information on the application for the Policy, instead of the Insured's contact information, does not, in contrast to the Court's conclusion on the matter, constitute a material misrepresentation. D.I. 64 at 3. In support of this contention, Plaintiff asserts that "it is common for financial responsibilities and contact information to be distributed sometimes indiscriminately between two partners" and cites to various statements from Plaintiff's deposition conveying that the Insured would "give" Plaintiff "money" for the insurance premiums. D.I. 64 at 3. However, the Court's conclusion that the incorrect contact information listed in the insurance application constitutes a material misrepresentation is not a clear error of law and Plaintiff's Motion is not "an appropriate vehicle to reargue issues that the [Court] has already considered and decided." *See Acco Brands USA LLC*, 2024 U.S. Dist. LEXIS 108389, at *1.

3

*Second*, Plaintiff asserts that Plaintiff's "statement to Defendant's Service Representative that was played during Plaintiff's deposition reflects" the arrangement between Plaintiff and the Insured regarding the management and payment of the Policy and its premiums and that "Defendant knew of this payment arrangement from the beginning and later approved Plaintiff's claim." D.I. 64 at 4. In other words, it appears that Plaintiff is contending that Defendant knew of the arrangement between Plaintiff and the Insured and, since Defendant knew of this arrangement, that the representations on the insurance application were not misrepresentations. *See* D.I. 64 at 4. In support, Plaintiff contends that Paul Funk ("Mr. Funk"), a licensed insurance producer that does not work for Defendant, knew of this arrangement. D.I. 64 at 4. In support of Mr. Funk's purported knowledge of the purported arrangement, it appears that Plaintiff contends that there were two life insurance "policies" — one for the life of the Insured and one for the life of Plaintiff — and that Mr. Funk took no issue with the listing of the same contact information for each policy. D.I. 64 at 4. In further support, Plaintiff cites excerpts from purportedly "newly obtained transcripts of the phone conversation from July 27, 2021, between Plaintiff and" Mr. Funk:

> Q. Okay. Any phone we need to have on file besides the one that we're talking on right now?
>
> A. No. This one will work. . . .
>
> Q. And the email I could send to have Shaun sign off on it would be the smithzy87@gmail.com?
>
> A. Yes.

*See* D.I. 64 at 4 (citations omitted).

Plaintiff's argument, however, is marred by manifold shortcomings. Critically, Plaintiff fails to contend, let alone demonstrate, why this evidence was "not available when the [Court]

made its decision." *See Amgen Inc.*, 2021 U.S. Dist. LEXIS 199918, at *4. Moreover, Plaintiff fails to cite to the record or any newly discovered evidence showing the existence of two life insurance policies. Including in light of Plaintiff's failure to cite any evidence from the record or newly discovered evidence showing the existence of two life insurance policies, the discussion excerpted above from the purportedly "newly obtained transcript" fails to plausibly evince that Mr. Funk was aware that the phone number and e-mail address on the application for the Policy were Plaintiff's phone number and e-mail address. In fact, the excerpted discussion above is probative of the fact that Plaintiff not only misled Defendant, but also that Plaintiff misled Mr. Funk as to the appropriate contact information for the Insured. Furthermore, even if Plaintiff had presented newly discovered evidence showing that Mr. Funk knew of the purported arrangement between Plaintiff and the Insured, Plaintiff fails to contend that such knowledge was transferred or could be imputed to Defendant, let alone provide legal authority in support of such position.

*Third*, Plaintiff raises scattershot concerns with the Court's reliance on Defendant's letter rescinding the Policy. D.I. 64 at 5-6. Plaintiff contends, for example, that the "timing" of the letter "supports relief." D.I. 64 at 5. However, Plaintiff fails to articulate why the "timing" of the letter "supports relief," let alone cite any legal authority providing or suggesting as much. *See* D.I. 64. Plaintiff also claims that Defendant's recission letter "warrants discovery and consideration." D.I. 64 at 5-6. However, the Court already considered Defendant's rescission letter and, moreover, Plaintiff fails to articulate why Defendant's recission letter "warrants" additional "consideration" or "discovery," let alone cite any legal authority supporting as much. *See* D.I. 64. Plaintiff also contends that the "timing" of Defendant's rescission letter "prejudices" Plaintiff. D.I. 64 at 6. However, Plaintiff again fails to articulate how Defendant's rescission letter improperly "prejudices" Plaintiff, let alone cite any legal authority supporting as much. *See* D.I. 64.

## IV. CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's Motion to Alter or Amend Final Judgment Pursuant to Rule 59 (e) and Rule 60 (b) (D.I. 64). Judgment will be entered shortly.

\* \* \*

WHEREFORE, at Wilmington this 21st day of November 2025, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend Final Judgment Pursuant to Rule 59 (e) and Rule 60 (b) (D.I. 64) is **DENIED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE